## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:19cv61520

ADRIANA BARBIERI, individually
and on behalf of all others similarly situated,   **CLASS ACTION**

    Plaintiff,   **JURY TRIAL DEMANDED**

v.

GL STAFFING SERVICES, INC.,

    Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff ADRI BARBIERI brings this class action against Defendant GL STAFFING SERVICES, INC. ("Defendant"), and alleges as follows upon personal knowledge, acts, and experiences, and, as to all other matters, upon information and belief, including investigation conducted undersigned counsel.

## NATURE OF THE ACTION

1. This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

2. In efforts to drum-up business, Defendant would often send marketing text messages providing different types of offers and savings for future purchases without first obtaining express written consent to send such marketing text messages as required to do so under the TCPA.

3. These messages were sent using mass-automated technology through a third-party company hired by Defendant to send marketing text messages on Defendant's behalf *en masse*.

4. In sum, Defendant knowingly and willfully violated the TCPA, causing injuries to Plaintiff and members of the putative class, including invasion of their privacy, aggravation, annoyance,

PAGE | **1** of **11**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

intrusion on seclusion, trespass, and conversion.

5. Through this putative class action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct. Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one Class member belonging to a different state than Defendant. Plaintiff seeks up to $1,500.00 in damages for each call (text message) in violation of the TCPA, which, when aggregated among a proposed class numbering in the thousands, or more, exceeds the $5,000,000.00 threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA").

7. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which they are subject to the court's personal jurisdiction, and because Defendant provide and market their services within this district thereby establishing sufficient contacts to subject them to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within this district and, on information and belief, Defendant has sent the same text message complained of by Plaintiff to other individuals within this judicial district, subjecting Defendant to jurisdiction here.

## PARTIES

8. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Broward County, Florida.

9. Defendant is a Florida corporation, with a principal office located at 1709 Banks Road, Building A, Unit 5, Margate, Florida 33063

10. Defendant directs, markets, and controls its online business in the United States.

## THE TCPA

11. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

12. The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

13. The TCPA exists to prevent communications like the ones described within this Complaint. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

14. In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

15. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

16. In 2012, the FCC issued an order further restricting automated telemarketing calls, requiring "prior express <u>written</u> consent" for such calls to wireless numbers. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

17. To obtain express written consent for telemarketing calls, a defendant must establish

that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent . . . and [the plaintiff] having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

18. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12). In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. *See Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

19. "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" *Id*. (citing *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

20. "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan*, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii) & 47 C.F.R. § 64.1200(f)(12)).

21. The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call *or in the future*. *Id*.

22. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 136

(2003).

23. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

24. Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) ("The FCC has determined that a text message falls within the meaning of 'to make any call' in 47 U.S.C. § 227(b)(1)(A)").

25. As recently held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

## BACKGROUND FACTS

26. In efforts to drum-up business, Defendant would uniformly send marketing text messages to hundreds, if not thousands, of consumers at a time and provided different types of offers and savings for future purchases. Upon information and belief, Defendant has sent at least one thousand illegal text messages over the last four years preceding this lawsuit

27. Plaintiff himself was sent multiple marketing text messages without Plaintiff's express written consent.

28. Below is a depiction of an actual text message received by Plaintiff from Defendant:



29.     Defendant's text messages constitute telemarketing because they encourage the future purchase of Defendant's products by consumers.

30.     Plaintiff received the subject text messages within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

31.     At no point in time did Plaintiff provide Defendant with his express written consent to be contacted by text for marketing purposes.

32.     Plaintiff is the subscriber and sole user of the ***-***-5156 phone number.

33.     Some, if not all of the messages originated from 954-893-7717.

34.     The impersonal and generic nature of Defendant's text messages demonstrates that Defendant utilized an ATDS in transmitting the messages. *See Jenkins v. LL Atlanta, LLC*, No. 1:14-cv-2791-WSD, 2016 U.S. Dist. LEXIS 30051, at *11 (N.D. Ga. Mar. 9, 2016) ("These assertions, combined with the generic, impersonal nature of the text message advertisements and the use of a short

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-5540
www.JibraelLaw.com

code, support an inference that the text messages were sent using an ATDS.") (citing *Legg v. Voice Media Grp., Inc.*, 20 F. Supp. 3d 1370, 1354 (S.D. Fla. 2014) (plaintiff alleged facts sufficient to infer text messages were sent using ATDS; use of a short code and volume of mass messaging alleged would be impractical without use of an ATDS); *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010) (finding it "plausible" that defendants used an ATDS where messages were advertisements written in an impersonal manner and sent from short code); *Robbins v. Coca-Cola Co.*, No. 13-CV-132-IEG NLS, 2013 U.S. Dist. LEXIS 72725, 2013 WL 2252646, at *3 (S.D. Cal. May 22, 2013) (observing that mass messaging would be impracticable without use of an ATDS)).

35.     Specifically, upon information and belief, Defendant, through their direction, utilized a combination of hardware and software systems to send the text messages at issue in this case. The systems utilized by Defendant have the current capacity or present ability to generate or store random or sequential numbers or to dial sequentially or randomly at the time the call is made, and to dial such numbers, *en masse*, in an automated fashion without human intervention.

36.     Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life. *See Patriotic Veterans, Inc. v. Zoeller*, No. 16-2059, 2017 WL 25482, at *2 (7th Cir. Jan. 3, 2017) ("Every call uses some of the phone owner's time and mental energy, both of which are precious."). Plaintiff received the subject text message while he was at work, causing him to stop his work activities to check his phone.

## CLASS ALLEGATIONS

37.     Plaintiff brings this action on behalf of two (2) nationwide classes of similarly situated individuals, the first of which consists of:

> **The No Consent to Text Class: All persons in the United States to whom, within the four years immediately preceding the filing of this Complaint, Defendant or some person acting on**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**Defendant's behalf sent one or more text messages to their cellular telephone advertising Defendant's goods and/or services, through the use of the same or materially similar telephone dialing equipment as that which was used to send the texts at issue to the Plaintiff.**

38. Plaintiff is a member of the No Consent to Text Class.

   **All persons within the United States who, within the four years prior to the filing of this Complaint, received a marketing or promotional text message made through the use of any automatic telephone dialing system, from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number, not for emergency purpose and without the recipient's prior express written consent.**

39. Plaintiff is a member of the DNC Class.

40. Defendant and their employees or agents, Plaintiff's attorneys and employees, the Judge this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress are excluded from the Classes.

41. The Classes are so numerous and geographically widespread that joinder is impracticable. Upon information and belief, as well as common experience of the size of automated dialing campaigns, there are easily more than one thousand persons in each Class.

42. Common questions of law and fact exist as to all members of the Classes and predominate over any questions solely affecting any individual member of the Classes, including Plaintiff. Such questions common to the Classes include, but are not limited to: (a) Whether the text messages that are the subject of this lawsuit were sent using an "automatic telephone dialing system" as proscribed by the TCPA and applicable FCC regulations and orders; (b) Whether the text messages that are the subject of this lawsuit were sent to individuals whose cellular telephone was registered on the national do not call registry; and (c) Whether the violation was negligent or willful.

43. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has no interests that might conflict with the interests of the Class. Plaintiff is interested in pursuing his

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

claims vigorously and has retained counsel competent and experienced in class and complex litigation.

44. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

45. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

46. Defendant have acted on grounds generally applicable to the Classes, thereby making relief appropriate with respect to the Classes as a whole.

47. Prosecution of separate actions by individual members of the Classes, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the Classes that would establish incompatible standards of conduct.

48. The identity of the Class Members is likely readily identifiable from Defendant's records, or the records of other person(s) involved with sending the text messages.

49. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

*COUNT I.*
**VIOLATION OF 47 U.S.C. § 227(b)**
(*THE NO CONSENT TO TEXT CLASS*)

50. Plaintiff re-alleges and incorporates paragraphs 1-49 as if fully set forth herein.

51. It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system. The TCPA also specifically prohibits the use of an

PAGE | **9** of **11**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

unsolicited text messages to advertise the sale of goods and services. 47 U.S.C. § 227(b)(1)(B); 47 C.F.R. § 64.1200.

52. Defendant, or some person on their behalf, sent one or more text messages to plaintiff and others' cellular telephones, using an automatic telephone dialing system without Plaintiff's or the class members' prior express written consent.

53. The Defendant's text messages were negligently placed, or alternatively, willfully placed despite prior knowledge of the TCPA.

54. **WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of herself and the class and against Defendant that provides the following relief:

(A) Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

(B) A permanent injunction prohibiting Defendant from violating the TCPA in the future through calling cell phones using an automatic telephone dialing system and/or a prerecorded voice message;

(C) A declaration that Defendant used an automatic telephone dialing system and artificial or prerecorded voice, and violated the TCPA in using such for calls to the cell phones of plaintiff and the class; and

(D) Any other relief the Court finds just and proper.

*COUNT II.*
**VIOLATION OF 47 U.S.C. § 227(c)**
(*THE DNC CLASS*)

55. Plaintiff re-alleges and incorporates paragraphs 1-49 as if fully set forth herein.

56. It is a violation of the TCPA, 47 U.S.C. §227(c) to call a person who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200.

57. Defendant, or some person on its behalf, sent one or more marketing text messages to Plaintiff and others' cellular telephone numbers when said numbers had been registered on the

national do-not-call registry for more than 31 days.

58. Such text messages were sent without Plaintiff's or the class members' express written consent.

59. Defendant's text messages were negligently placed, or alternatively, willfully placed despite prior knowledge of the TCPA.

60. **WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of herself and the class and against Defendant that provides the following relief:

- (A) Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

- (B) A permanent injunction prohibiting Defendant from violating the TCPA in the future through calling cell phones registered with the national do-not-call registry;

- (C) A declaration that Defendant made calls to numbers registered with the national do-not-call registry, and violated the TCPA in making such calls to the cell phones of Plaintiff and the class; and

- (D) Any other relief the Court finds just and proper.

## JURY DEMAND

61. Plaintiff and Class Members hereby demand a trial by jury.

DATED: June 18, 2019

Respectfully Submitted,

 /s/ Jibrael S. Hindi                              .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:      855-529-9540

*COUNSEL FOR PLAINTIFF*