UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-61520-CIV-DIMITROULEAS

ADRIANA BARBIERI, individually
and on behalf of all others similarly
situated,

      Plaintiff,

vs.

GL STAFFING SERVICES, INC.,

      Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant GL Staffing Services, Inc.'s ("GL" or "Defendant")'s Motion to Dismiss [DE 5], filed on July 29, 2019.  The Court has carefully considered the Motion, Plaintiff Adriana Barbieri ("Barbieri" or "Plaintiff")'s Response [DE 6], notes that no reply was timely filed, and is otherwise fully advised in the premises.

### I.    BACKGROUND

This action was filed on June 18, 2019 by Plaintiff Barbieri, alleging two claims for violation the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").  In Count I, Plaintiff alleges a violation of § 227(b)(1)(A)(iii), which prohibits making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." *See* [DE 1].  The Complaint alleges that Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system ("ATDS") to send marketing text messages to Plaintiff's cell phone without her prior express

written consent. *See* [DE 1]. In Count II, Plaintiff alleges a violation of § 227(c), which prohibits making a "call [to] a person who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations.." *See* [DE 1]. The Complaint alleges that Defendant violated § 227(c) of the TCPA by sending one or more marketing text messages to Plaintiff's cellular telephone number when said number had been registered on the national do-not-call registry for more than 31 days, without her prior express written consent. *See* [DE 1]. Defendant filed the instant motion seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(6). *See* [DE 5].

## II.  STANDARD OF REVIEW

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "[A] court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual

enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). In sum, "[t]he plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556).

### III.   DISCUSSION

Defendant moves to dismiss the Complaint on the grounds that Plaintiff's claim fails to allege the use of an ATDS, a necessary element for Plaintiff's TCPA claim. The Court disagrees. Whether Defendant's system used to send Plaintiff the text message at issue in this case qualifies as an ATDS involves issues of fact not properly before the Court at this stage of the litigation. Defendant's motion to dismiss on this ground is denied. Defendant may raise the issue of whether an ATDS was used at summary judgment, after the opportunity to conduct discovery. *See, e.g., Adams v. Ocwen Loan Servicing, LLC*, No. 18-81028-CIV, 2018 WL 6488062, at *4 (S.D. Fla. Oct. 26, 2018).

Importantly, the Court notes that Defendant's Motion to Dismiss relies on facts outside the four corners of the Complaint to demonstrate that Defendant's conduct did not violate the TCPA, as Plaintiff specifically provided to Defendant her contact information, employment history, skill set, and the locations she was seeking to work so that Defendant could match her to potential employers and alert her to job opportunities fitting her profile, which is what occurred here in the subject text messages. *See* [DE 5]. If this is true, the Court would consider a Rule 11 motion for sanctions against Plaintiff and or Plaintiff's counsel in bringing this case.

### IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion to Dismiss [DE 5] is hereby **DENIED**.  Defendant shall file its answer on or before September 3, 2019.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of August, 2019.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

All Counsel of Record